SCHOTT, Judge.
Leander H. Perez, Jr., District Attorney of Plaquemines Parish, and one of his employees, Arthur 0. Cope, obtained a preliminary injunction against the Plaquemines Parish Commission Council and four of its five members, Luke A. Petrovich, Albert J. Beshel, Michael E. Kirby and Lennard H. Mackenroth, enjoining them from spending any public funds for any investigation relating to Perez and Cope. From that judgment defendants have appealed. The issue is whether Ordinance No. 248 adopted by the Council on January 23, 1980, and a companion resolution adopted on February 13,1980, exceeded the limitations placed on the Council by the Constitution and laws of the State of Louisiana, and, if so, whether plaintiffs were entitled to the relief they obtained in the trial court.[1]
In assigning his reasons for granting the injunction the trial judge focused his attention on the final paragraph of the resolution which provides as follows:
“BE IT FURTHER RESOLVED that it is in the public interest that the Plaque-mines Parish Commission Council be and it is hereby authorized to pursue any proper and legal recourse for the removal, recusal, impeachment or recall of the present District Attorney for the Parish of Plaquemines, Leander H. Perez, Jr.”
The trial judge reasoned that this language caused the resolution and the ordinance to be stricken with constitutional infirmity because of the prohibition established by Art. XI, § 4 of the Louisiana Constitution of 1974:
“No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to a proposition appearing on an election ballot.”
We are convinced that the trial judge’s resolution of the problem was only a partial solution, his injunction was overly broad, and the injunction must be modified so as to enable defendants as public officials to exercise their rights and discharge their obligations.
Plaquemines Parish operates under a home rule charter adopted by the people in November, 1966. That charter contains a number of pertinent provisions concerning the power of the Parish Council. For instance, Art. II, § 3, of the charter authorizes the Parish Council to do the following:
* * * * * *
“6. Conduct investigations, with the right to issue subpoenas for the production of books and papers, and summonses to compel the attendance of witnesses and their examination under oath to secure data and information helpful in the adoption of Ordinances to carry out the objects and purposes of this Charter; and to secure evidence regarding the violation of any provisions of this Charter or Ordinances.”
H¡ sk ¡‡:
“15. Regulate public health, morals, peace and good order of the people within the Parish of Plaquemines in any and all matters not prohibited by State law.”
Art. II, § 4, provides:
“The Parish Council shall have full power and authority to conduct and operate the *1310 government of the Parish of Plaquemines and of the other political subdivisions and districts situated therein, in any and all matters not prohibited by state law.”
Defendants contend that these provisions of the Charter are sufficiently broad to authorize the action they took and that their authority was reinforced by the fact that the home rule Charter of Plaquemines Parish was already in existence at the time of the passage of the Constitution of 1974, so that Art. VI, § 4, of the Constitution is pertinent to the issues:
“Every home rule charter or plan of government existing or adopted when this constitution is adopted shall remain in effect and may be amended, modified, or repealed as provided therein. Except as inconsistent with this constitution, each local governmental subdivision which has adopted such a home rule charter or plan of government shall retain the powers, functions, and duties in effect when this constitution is adopted. If its charter permits, each of them also shall have the right to powers and functions granted to other local governmental subdivisions.”
While portions of the ordinance and resolutions might be authorized by the charter and constitution, the problem is with other portions which infringe upon the constitution and statutory powers of the District Attorney, the source of which is Art. V, § 26(B) of the Louisiana Constitution of 1974:
“Except as otherwise provided by this constitution, a district attorney, or his designated assistant, shall have charge of every criminal prosecution of the state in his district, and be the representative of the state before the grand jury in his district, and be the legal advisor to the grand jury. He shall perform other duties provided by law.”
In the implementation of this constitutional provision, the legislature adopted C.Cr.P. Art. 61, which provides as follows:
“Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.”
The only constitutional limitation on the plenary grant of powers to the district attorney with respect to criminal prosecutions in the parish is found in Art. IV, § 8, which provides:
* * * Jfc * *
“As necessary for the assertion or protection of any right or interest of the state, the attorney general shall have authority .... (3) for cause, when authorized by the court which would have original jurisdiction and subject to judicial review, (a) to institute, prosecute, or intervene in any criminal action or proceeding, or (b) to supersede any attorney representing the state in any civil or criminal action.”
C.Cr.P. Art. 62, provides: “The attorney general shall exercise supervision over all district attorneys in the state.”
The office of district attorney belongs to the judicial branch of the government as outlined in Art. V of the Constitution of 1974, while the Plaquemines Parish Commission Council’s powers are executive and legislative. Thus, relations between the council and the district attorney are controlled by Art. II, § 2, of the Constitution which provides:
“Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others.”
The preamble of the ordinance accuses the district attorney of using his office to persecute members and employees of the council by bringing charges and indictments against various individuals and expresses the council’s intention to interfere with the district attorney’s activities in this regard. Sec. 1(3) authorizes a public investigation and hearing “regarding criminal charges filed and to be filed by the district attorney, and Sec. 1(11) calls for an investigation with respect to the embezzlement of public funds by various employees of the district attor *1311 ney as well as activities of the district attorney which allegedly aid and assist “persons charged with a crime by the Plaquemines Parish Commission Council.” Sec. IV of the Ordinance would authorize the Council to: “File appropriate Criminal or Civil Proceedings against any person, firm or corporation which may be appropriate and as the circumstances and results of the investigations demand.”
The preamble of the resolution accuses the district attorney of misusing his powers with respect to a special grand jury investigating public corruption in the parish, and alleges that the district attorney has a conflict of interests. It further accuses the district attorney of “persecution” of various individuals involved with the formation of a second bank in the Parish, assisting an individual who is being prosecuted for criminal charges of theft from the parish, using his office for his own financial gain, especially with respect to the Delta Bank & Trust Company of which the district attorney is allegedly the principal stockholder and an officer, misusing public property and facilities, bringing false charges against various employees of the council, being guilty of misconduct and malfeasance by failing to function as legal adviser to various governmental agencies in the parish, violating the secrecy of grand jury proceedings under his supervision by releasing information to the news media, and condoning crimes of abuse and brutality against citizens by investigators employed by him. The preamble of the resolution concludes as follows:
“WHEREAS, because of the foregoing compelling public interest, the preservation of individual rights, the preservation of the ordinary functions of government vested in the Plaquemines Parish Commission Council, the interests of justice and common decency dictate that the present District Attorney for the Parish of Plaquemines, Leander H. Perez, Jr., should be recused, removed, impeached and recalled as District Attorney immediately in order to prevent irreparable injury and harm to the local governing body of the Parish of Plaquemines, to individuals and to the individual rights of the taxpayers and citizens of Plaquemines Parish, by a biased District Attorney driven by a compelling self-interest, personal animosity and bias;”
If the accusations made in the ordinance and resolution can be substantiated it would follow that the district attorney has abused his office and should be subjected to the penalties provided for by the constitution and laws of this state. They include impeachment, removal and recall provided for by Art. X, §§ 24, 25, and 26 as implemented by R.S. 42:1411 et seq. with respect to removing public officers, and R.S. 18:1300.1 et seq. with respect to recall. Under these provisions, the impeachment can be initiated only by the legislature, removal, by the attorney general, and recall, by the electors of the district.
The Plaquemines Parish Commission Council has no authority to investigate the district attorney in connection with impeachment or removal, since these procedures are initiated and conducted by the legislature and the attorney general respectively. As to the right of the council to conduct investigation for purposes of generating a recall of the district attorney, we have concluded that such activity would be inconsistent with the constitution.
Both §§ 24 and 25 make public officials liable to impeachment and removal for the same reasons, namely, “commission or conviction, during his term of office of a felony or for malfeasance or gross misconduct while in such office.” Thus, the successful use of these provisions depends upon proof of misconduct on the part of the public official. On the other hand, the recall provision, § 26 seems to be purely political in that, “The sole issue at a recall election shall be whether the official shall be recalled.” No reasons are given in the recall petition and the election is conducted the same as any other political contest. Thus, there may be some merit to the trial judge’s conclusion that the council’s use of the public funds to conduct an investigation leading to the recall of the district attorney violates Art. XI, § 4 of the Constitution’s prohibí *1312 tion that “no public funds shall be used to urge any elector to vote for or against any candidate or proposition ...” However, we will not address this issue because we reach the same result on other grounds.
Since the overwhelming import of the accusations contained in the ordinance and resolution is that the district attorney has committed acts which make him vulnerable to impeachment and/or removal, and since the constitution has placed responsibility for the implementation of these procedures with others in such a way as to preserve the concept of separation of powers among the branches of government, the action taken by the Council to involve itself in these procedures was beyond the scope of its own constitutional authority. Because the ordinance and resolution are concerned in large measure with purposes and endeavors which are beyond the constitutional authority of the Council and indeed purport to interfere with the constitutional functions of the district attorney the trial court could properly enjoin the Council from the implementation of the particular ordinance and resolution under discussion. However, the judgment appealed from goes much further, enjoining the council from spending any public funds for any investigation relating to Leander H. Perez, Jr. and Arthur 0. Cope.
Much of what is contained in the ordinance and resolution has to do with the council’s authority over and control of parish funds and property. For instance, in the preamble of the ordinance there is a direct reference to a dispute over the Plaquemines Parish Criminal Court fund which the Parish has an interest in by virtue of R.S. 15:571.11. Under the statutory scheme for the administration of this fund the district attorney is authorized to share in this fund only for the purposes enumerated in R.S. 16:6 but the council is authorized to pay from its general fund only items of expense which are enumerated in that statute. Under R.S. 15:571.11(C) one-half of the surplus left in the fund at the end of the year belongs to the parish. Therefore, the council is justified in questioning how the funds are being spent by the district attorney. Another concern expressed in the ordinance and resolution is the status of parish funds on deposit in the only bank in the parish, which bank is allegedly controlled by Leander H. Perez, Jr. His activities with respect to the bank would not be related to his official duties, and if he as a private individual serving as a bank official is causing administrative problems for the parish in the use of its funds, the council has the right to investigate this problem and inquire into plaintiff’s involvement with it. Without unnecessarily prolonging this discussion, we have concluded that the parish has no right to interfere with the district attorney in his official capacity or to usurp his prosecutorial functions but it may investigate with respect to the property and equipment belonging to the parish, including the activities of Leander H. Perez, Jr. and Arthur 0. Cope, in their individual capacities relating to parish funds, property and equipment. Furthermore, the council may investigate the expenditures of Leander H. Perez, Jr. as District Attorney insofar as they relate to the criminal court fund and to the extent as may be necessary for the council to comply with the provisions of R.S. 15:371.11 and R.S. 16:6.[2]
*1313 Accordingly, the judgment appealed from is annulled and set aside and the injunction as issued is dissolved but is recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the rule herein be made absolute and that a preliminary injunction issue herein directed to defendants, Plaque-mines Parish Commission Council, Luke A. Petrovich, Albert J. Beshel, Michael E. Kirby and Lennard H. Mackenroth, enjoining them from implementing Ordinance No. 248 adopted on January 23, 1980, and the resolution adopted on February 13, 1980.
ANNULLED AND SET ASIDE INJUNCTION RECAST.
APPENDIX A
PLAQUEMINES PARISH COMMISSION COUNCIL ORDINANCE NO. 248
The following Ordinance was offered by Commissioner Kirby who moved its adoption:
WHEREAS, since 1967 there have been two high ranking public officials in the Parish of Plaquemines, namely Leander H. Perez, Jr., District Attorney, and his brother, Cha-lin 0. Perez, President of the Plaquemines Parish Commission Council, the parish governing body, who are both sons of the late Judge L. H. Perez who was District Attorney of Plaquemines Parish and then President of the Plaquemines Parish Commission Council; and
WHEREAS, Leander H. Perez, Jr., and Chalin 0. Perez, personally and as public officials are products and beneficiaries of a parish administration, founded, organized and headed by their father, Judge L. H. Perez; and
WHEREAS, since the death of Judge Perez in March, 1969, there have developed differences between these two brothers concerning affairs both private and public in nature, which, among others involve disputes over both private funds and public finances, controversies over parish funds, the Plaque-mines Parish Criminal Court fund, the purchase and control of a parish seaplane, ex parte orders affecting parish financial accounts, parish funds on deposit in the Delta Bank and Trust Company (of which Leander H. Perez, Jr., is Chairman of the Board), the investment of Parish Funds, the formation and organization of other banks in the Parish of Plaquemines, including a new bank known as the Mississippi River Bank, and the operation of their private interests; and
WHEREAS, these differences have now increased and developed to where there is no communication between these two brothers and where it is alleged that the District Attorney, Leander H. Perez, Jr., is burdened with both a pervasive conflict of interest and a personal animosity as they both apply to his brother, Chalin 0. Perez, President of the Plaquemines Parish Commission Council, members of the Plaquemines Parish Commission Council who serve with Chalin 0. Perez and employees of the Plaquemines Parish Commission Council, to such an extent that he is intent upon the destruction of his brother, Chalin 0. Perez, and other members of the Plaquemines Parish Commission Council, the Plaquemines Parish Commission Council as governing body of the Parish of Plaquemines and any and all employees of the Plaquemines Parish Commission Council aligned with its President or any of its members; and WHEREAS, it is definitely established that within the last several months through the news media, furtherance of that now malevolent intent, the said District Attorney, Leander H. Perez, Jr., has orchestrated a publicity campaign designed to create an aura of public misconduct on the part of the officials and employees of the Plaquemines Parish Commission Council resulting in a series of tortious defamation against such persons; and
*1314 WHEREAS, the said District Attorney, Leander H. Perez, Jr., and his investigators are conducting a campaign of harassment, threats, intimidations and coercions, entrapment and other terror tactics against members and employees of the Plaquemines Parish Commission Council and against other honest, hardworking citizens of the Parish of Plaquemines; and
WHEREAS, the said District Attorney, Leander H. Perez, Jr., has caused to be brought charges and indictments against employees of the Plaquemines Parish Commission Council, including the Superintendent of Heavy Equipment, Superintendent of Beautification, Superintendent of Buras Maintenance and other employees of the Plaquemines Parish Commission Council who collectively represent 65 years of honest, dedicated public service under the administration of Judge L. H. Perez, Leander H. Perez, Jr., and Chalin 0. Perez, and who also collectively represent over 100 years of loyalty and dedication to the Perez political family; and
WHEREAS, the charges and indictments against these Plaquemines Parish employees include criminal charges from having no decals on parish vehicles and equipment, to unauthorized use of parish equipment, to payroll fraud, to thefts over $100.00, to thefts over $500.00, to thefts over $40,000.00 and finally to three counts of perjury against one parish employee who has less than a seventh grade education; and
WHEREAS, each of these employees so charged is claiming his innocence and is denying any guilt; and
WHEREAS, it has been suggested that the charges and indictments are questionable, not legitimate and null and void in that they are the products of a disqualified District Attorney who is burdened with conflicts of interests biased, prejudiced and animosity and is the very target of any investigation into criminal wrong doings such as unauthorized use of public property, payroll fraud, and misconduct among others; and
WHEREAS, despite the charges by the District Attorney or the claims of innocence by the employees of the Plaquemines Parish Commission Council this Council is burdened with the responsibility of protecting the public interest and at the same time preserving the individual rights and liberties of the persons charged and therefore must take objective and definitive action with respect to these employees charged and with respect to any other employees who may be charged by the District Attorney, Leander H. Perez, Jr., in order to determine whether the employment of these persons should be terminated, suspended or continued and whether these employees are the innocent victims of the persecution, abuse, prejudice, bias and selfish conflict of interest of the District Attorney Leander H. Perez, Jr. and are therefore entitled as a matter of right to a presumption of innocence rather than a presumption of guilt which the District Attorney has willfully bestowed upon them by his actions and whether these employees are entitled to the preservation of their individual rights and liberties which if violated, impaired and denied by this Council would further result in irreparable injuries to them and to the people of Plaquemines Parish, and in the tar-nishment, impairment and denial of the fair and impartial administration of justice.
NOW THEREFORE:
BE IT ORDAINED BY THE PLAQUE-MINES PARISH COMMISSION COUNCIL THAT:
Section I
The Plaquemines Parish Commission Council, authorized and empowered pursuant to its Charter of Local Self-Government to conduct investigations and hearings into the matters aforesaid hereby resolves itself into an investigative body according to the procedures herein established for the following purposes:
(1) Pursuant to Article II Section 3(6) under Plaquemines Parish Charter of Local Self-Government, to conduct investigations, with the right to issue subpoenas for the production of books and papers and summons to *1315 compel the attendance of witnesses and their examination under oath, to secure data and information helpful in the adoption of Ordinances to carry out the objects and purposes as established and authorized in the Plaquemines Parish Charter of Local Self-Government; and to secure evidence regarding the violation of any provisions of said Charter, or of any parish Ordinances, rules and regulations, or of any state and federal laws.
(2) Publicly investigate, conduct hearings, make regulations and take any action necessary to operate the government and to have the care, management and control of the Parish of Plaquemines and all other political subdivisions and districts therein and to enhance the health, safety, morals, peace and good order of the people within the Parish of Plaquemines in any not prohibited by State law, and to prevent injury, the destruction of or interference with public property, private property, and the rights and liberties of individuals.
(3) Publicly investigate and conduct hearings regarding criminal charges filed or which may be filed by the current District Attorney, or any against any presently employed parish employee or by any Grand Jury or law enforcement agency to which he is legal advisor or by any other agency of any government resulting from his direct or indirect actions in order and to preserve the individual rights and liberties of these employees charged and to maintain a stable and orderly function of government.
(4) Determine the employment status of any parish employee so charged.
(5) Publicly study, examine and investigate the management, operation, affairs, expenditures and revenues of any and all departments, districts and agencies of the Plaquemines Parish Commission Council and to make written reports, findings and recommendations so that this Council may reevaluate all of its procedures with respect to the operation of any department or agencies of the Parish of Plaquemines.
(6) Publicly study, examine and investigate the use of funds, revenues, properties, equipment and other assistance appropriated or provided to any office of parish government, fhe Plaquemines Parish School Board, the Office of the District Attorney, the Sheriff, the Clerk of Court, the Assessor, and any other office, department or agency.
(7) To publicly study, examine and investigate the use of funds, revenues, properties and equipment and sources of any revenues, funds or monies by the Parish of Plaque-mines, its agencies, departments or districts.
(8) Publicly study, examine and investigate present ordinances, practices, operations and procedures with respect to the organization, supervision, direction, and control and use of any and all Parish funds, services, equipment or assistance.
(9) Publicly study, examine and investigate sufficiency, adequacy, and desirability of present ordinances, resolutions, practices and procedures with respect to the organization, supervision and direction of all parish property, all parish funds, revenues and expenditures in the parish and of all departments, district agencies and officials of the parish government to determine efficiency, sufficiency, adequacy and desirability.
(10)Publicly study, examine and investigate present ordinances, practices, regulations and procedures with respect to the supervision and accounting of funds, revenues, services, equipment or other assistance provided by the Plaquemines Parish Commission Council to any agency or office of government to determine *1316 their proper use, efficiency, adequacy or desirability.
(11) Publicly investigate, study and examine the present controversy and charges between the Plaquemines Parish Commission Council, its members and employees and the District Attorney, Leander H. Perez, Jr. and his officers and employees involving, but not exclusively, the admitted embezzlement of funds by the former Parish Internal Auditor, the alleged embezzlement of funds by the former Administrator of the Plaque-mines Parish General Hospital, pending court actions, banking interests, the control and use of parish and public equipment, services and properties by any and all parish officials and the deliberate series of tortious defamation by the District Attorney against the Plaquemines Parish Commission Council its individual members and employees which aids and assists persons charged with a crime by the Plaquemines Parish Commission Council.
(12) Any and all matters, activities, or relationships which may or do affect any of the matters hereinabove specified and which are or may be to the best interest of the peace, welfare and dignity of the people of Plaque-mines Parish.
SECTION II
Subpoenas or summons shall be authorized by the Plaquemines Parish Commission Council and signed by the Secretary of the Plaquemines Parish Commission Council. Whenever any person summoned under this section neglects or refuses to obey such summons or to produce the books, papers, records or other data or to give testimony as required the Plaquemines Parish Commission Council shall apply with proper Judge of the District Court for the District in which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the Judge to hear the application, and, if satisfactory proof is made, to issue an attachment directly to some proper officer for the arrest of such person and upon his being brought before the said Judge to proceed to a hearing of the case and upon such hearing the Judge shall have power to make such order as he shall deem proper not inconsistent with the law but the punishment of contempt to enforce obedience to the requirement of the summons and to punish such person for his default or disobedience.
SECTION III
Employ a Court Stenographer to record and transcribe proceedings and sworn testimony and to administer oaths and to employ investigators, Attorneys at Law and any experts or employees as in the opinion of the Plaquemines Parish Commission Council is needed and proper and as the circumstances demand.
SECTION IV
File appropriate Criminal or Civil Proceedings against any person, firm or corporation which may be appropriate and as the circumstances and results of the investigations demand.
SECTION V
To immediately start public hearings in order to expeditiously accomplish the above and foregoing purposes.
Commissioner Beshel seconded the motion to adopt the Ordinance.
The foregoing Ordinance having been submitted to a vote, on roll call, the vote resulted as follows:
YEAS: Commissioners Luke A. Petro-vich, Albert J. Beshel, Michael E. Kirby and Lennard H. Mackenroth
NAYS: None.
ABSENT: None.
PRESENT BUT NOT VOTING: Commissioner Chalin 0. Perez (recused)
And the Ordinance was declared adopted on this the 23rd day of January, 1980.
I hereby certify the above and foregoing to be a true and correct copy of an Ordinance *1317 adopted by the Plaquemines Parish Commission Council at a special meeting held at its office in the Courthouse, Pointe ala Hache, Louisiana, on January 23, 1980.
/s/ E. Lafrance
Secretary
APPENDIX B
RESOLUTION
The following Resolution was offered by Commissioner Petrovich who moved its adoption:
WHEREAS, Leander H. Perez, Jr., District Attorney in and for the Parish of Plaque-mines, State of Louisiana and Chairman of the Board of the Delta Bank and Trust Company is engaged in a conflict against the Plaquemines Parish Commission Council, its individual members and employees, and against officers, directors and stockholders of the Mississippi River Bank and against other citizens of the Parish of Plaquemines; and,
WHEREAS, Leander H. Perez, Jr., as District Attorney, has caused a constant stream of public statements for circulation by the news media, a series of tortuous defamations against honest parish officials and employees of the Plaquemines Parish Commission Council, and against citizens of the Parish of Plaquemines, and furthermore has caused criminal charges to be filed against parish officials and employees where there existed no intent on the part of such victimized persons to violate any laws; and,
WHEREAS, Leander H. Perez, Jr., as District Attorney for the Parish of Plaque-mines, is presently legal advisor to and is assisting a Special Grand Jury in the Parish of Plaquemines allegedly to investigate matters of purported public “corruption” in the Parish of Plaquemines involving among others — no decals on parish vehicles, unauthorized use of parish equipment, payroll fraud, theft, and extortion; and,
WHEREAS, Leander H. Perez, Jr., as District Attorney, has a hopeless conflict of interest involving his sworn duty as an elected public official and his personal financial revenues, properties, benefits and gains among which are particularly listed as follows:
1. Leander H. Perez, Jr., as District Attorney, has attempted to usurp the orderly functions of government vested in the Plaquemines Parish Commission Council in order to serve his personal interests in the unauthorized use of parish properties and in the investment and deposit of Parish public funds in the Delta Bank and Trust Company of which he is Chairman of the Board.
2. Leander H. Perez, Jr., as District Attorney and Chairman of the Board of the Delta Bank and Trust Company, has attempted to manipulate and control to his advantage the public funds belonging to the people of Plaquemines Parish held in trust by the Plaquemines Parish Commission Council.
3. Leander H. Perez, Jr., as District Attorney, has engaged in an unwarranted investigation and deliberate persecution of officers and stockholders of the Mississippi River Bank in order to protect his special interest and the interests of the stockholders and board members and officers of the Delta Bank and Trust Company — of which he is Chairman of the Board and a major stockholder.
4. Leander H. Perez, Jr., as District Attorney, has assisted the defendant, Michael M. Chauppette, in Chauppette’s defense of criminal charges of theft now pending against Chauppette in Plaquemines Parish.
5. Leander H. Perez, Jr., as District Attorney, has a hopeless conflict of interest as District Attorney involving his personal financial benefits and gains in the Delta Bank and Trust Company; in oil, gas and other mineral royalties and revenues from public lands owned by Plaque- *1318 mines Parish and other public lands, and from oil, gas and other mineral overrides on properties owned by private citizens in Plaquemines Parish.
6. Leander H. Perez, Jr., as District Attorney and as Chairman of the Board of the Delta Bank and Trust Company, is assisting in the defense of civil actions by the Plaquemines Parish Commission Council representing the citizens of Plaquemines Parish against the Delta Bank and Trust Company for restitution of certain public funds due the taxpayers and citizens of Plaquemines Parish and has caused the institution of civil actions by the Delta Bank and Trust Company against the Plaque-mines Parish Commission Council and its individual members so as to protect the vested interests of Leander H. Perez, Jr., and other officers and stockholders of the Delta Bank and Trust Company — all to the great harm and irreparable injury of the citizens and taxpayers of the Parish of Plaquemines.
7. Leander H. Perez, Jr., as District Attorney, has charged and accused the Plaquemines Parish Commission Council, its members and employees of criminal wrongful use of public properties and facilities when he, himself has such compromising and conflicting interests as District Attorney to protect himself against being investigated, indicted or otherwise accused for his own wrongful criminal conduct and misuse of public equipment, properties and facilities — such as public oil, gas and other mineral interests, public aircraft, public properties in Main Pass and Port Eads, misuse of parish vehicles, and Parish materials, and use of Parish employees on parish time at his private property at Idlewild Ranch and on his private house boats and on his private duck blinds.
8. Leander H. Perez, Jr., as District Attorney, has charged and accused Plaquemines Parish Commission Council members and employees of payroll fraud when he himself is a legitimate target of such investigation and charges.
9.Leander H. Perez, Jr., as District Attorney, has charged and accused the Plaquemines Parish Commission Council, certain individual members and employees, of theft of public properties when he himself is a legitimate target of such charges, accusations and investigations.
10. Leander H. Perez, Jr., as District Attorney, has caused to be indicated on television that a member of the Plaquemines Parish Commission x Council is being investigated for extortion when he himself is a legitimate target of such charges, accusations and investigations relating to threats, intimidations and harassment of officers, organizers and stockholders of the Mississippi River Bank and in his dealings and negotiations in his personal financial interest from oil, gas and other mineral royalties derived from public lands and private lands located within the Parish of Plaquemines.
11. Leander H. Perez, Jr., as District Attorney, has caused the widespread circulation and publication in the New Orleans Area of a series of defamatory remarks, false statements, innuendos and speculations against the Plaquemines Parish Commission Council, its members and employees, and citizens of Plaquemines Parish accusing them of various wrongdoings when he himself is a legitimate target of such actions.
12. Leander H. Perez, Jr., as District Attorney, has caused speculation and defamation against the members of the Plaquemines Parish Commission Council for not properly conducting the affairs of their office when he himself is a legitimate target of in *1319 vestigation for misconduct and malfeasance not only in the above matters but in failing to perform his duties as District Attorney as legal advisor to the Plaquemines Parish School Board, as legal advisor to the Plaquemines Parish West Bank Levee District and as legal advisor to the Plaquemines Parish General Hospital — having not attended one meeting with such boards nor has he ever conducted any business or given any advice to such boards as he is compelled to do under the provisions of statutory law.
13. Leander H. Perez, Jr., as District Attorney, has continually violated the constitutionally and statutorily-mandated secrecy of the Grand Jury by causing to be publicized on television, radio and the written news in the New Orleans area names of grand jury witnesses, the nature of such witnesses’ testimony given before such grand jury, the area of investigation by the grand jury and the persons targeted for such investigations so as to slander, libel and defame innocent parish officials, employees and citizens of Plaquemines Parish.
14. Leander H. Perez, Jr., as District Attorney, has caused the Delta Bank & Trust Company to resist and prevent the Plaquemines Parish Commission Council, as governing body of the Parish of Plaquemines, from investing and depositing any public funds with any bank other than the Delta Bank and Trust Company of which he is Chairman of the Board and a principal stockholder and of which his family and other members of the Perez family are major stockholders.
15. Leander H. Perez, Jr., as District Attorney, has admittedly, in sworn testimony conducted an investigation — as District Attorney — of his own bank and has attempted to show no wrong-doings and no necessity for any investigation in the affairs of that bank in connection with the embezzlement and theft of over two hundred fifty thousand dollars of public funds by Michael M. Chauppette — former Internal Auditor for the Plaquemines Parish Commission Council, which funds were passed through accounts in the Delta Bank and Trust Company by unauthorized and forged signatures.
16. Leander H. Perez, Jr., as District Attorney, is a defaulter — for being in arrears for money due the Plaque-mines Parish Commission Council for his utilization of the Port Eads Marina — for holding and preventing the restitution of public funds by and for the Plaquemines Parish Commission Council against Michael M. Chauppette the Delta Bank and Trust Company or any responsible individuals — and by manipulating and controlling the Plaquemines Parish Commission Council Criminal Court Fund through ex parte court orders issued simply on his written request.
17. Leander H. Perez, Jr., as District Attorney, has caused the widespread circulation and publication in the news media that he and the Special Grand Jury to which he is legal ad-visor are investigating officials and private companies doing business with Marathon Oil Company when in truth and in fact Leander H. Perez, Jr., himself, through his company “Delta Development Company”, is presently doing business with Marathon Oil Company — a business venture which Leander H. Perez, Jr. refuses to investigate because he has classified such as his “private business”.
18. Leander H. Perez, Jr., as District Attorney, has condoned a long tenure of repeated crimes of abuse and brutality against helpless individuals by investigators employed by him and responsible to him as District Attorney when in his sworn duty is *1320 to uphold the law protect the innocent and prosecute malefactors such as his own employees.
WHEREAS, Leander H. Perez, Jr., as District Attorney and Chairman of the Board of Delta Bank and Trust Company and legal advisor to the Special Grand Jury now convened in Plaquemines Parish, is able to obtain, solicit and utilize information derived from testimony given to the Special Grand Jury and derived from all civil lawsuits involving the Delta Bank and Trust Company and the Plaquemines Parish Commission Council in order to further his selfish interest, benefits and gains and in order to manipulate the evidence and testimony involved so as to enable him to protect and conceal his own conflicts of interest and in order to protect and conceal any wrongdoings or criminal conduct that may be directed to him or to any employees or officers of his bank; and,
WHEREAS, Leander H. Perez, Jr., as District Attorney, through the manipulation and control of the Plaquemines Parish Commission Council Criminal Court Fund, the lawsuits involving the Delta Bank and Trust Company and the Plaquemines Parish Commission Council, and the public funds on deposit with the Delta Bank and Trust Company — of which he is Chairman of the Board and a principal stockholder, has presented a grave and imminent danger to the people of Plaquemines Parish in that the public funds in the care, custody and control of the Plaquemines Parish Commission Council are subject to manipulation, control and gross misuse by Leander H. Perez, Jr., acting in the dual capacities of District Attorney and Chairman of the Board of Delta Bank and Trust Company all against the best interests of the taxpayers and people of Plaquemines Parish; and WHEREAS, because of the foregoing compelling public interest, the preservation of individual rights, the preservation of the ordinary functions of government vested in the Plaquemines Parish Commission Council, the interests of justice and common decency dictate that the present District Attorney for the Parish of Plaquemines, Leander H. Perez, Jr., should be recused, removed, impeached and recalled as District Attorney immediately in order to prevent irreparable injury and harm to the local governing body of the Parish of Plaque-mines, to individuals and to the individual rights of the taxpayers and citizens of Plaquemines Parish, by a biased District Attorney driven by a compelling self-interest, personal animosity and bias;
NOW, THEREFORE:
BE IT RESOLVED that the Plaquemines Parish Commission Council hereby authorizes the institution of any and all necessary and proper legal steps to insure that an impartial investigator is appointed to conduct a proper and impartial investigation into the business and affairs of the government, governing bodies and public offices and officials of the Parish of Plaquemines,
BE IT FURTHER RESOLVED that it is in the public interest that the Plaquemines Parish Commission Council be and it is hereby authorized to pursue any proper and legal recourse for the removal, recusal, impeachment or recall of the present District Attorney for the Parish of Plaque-mines, Leander H. Perez, Jr.
Commissioner Kirby seconded the motion to adopt the Ordinance.
The foregoing Ordinance having been submitted to a vote, on roll call, the vote resulted as follows:
YEAS: Commissioners Luke A. Petro-vich, Michael E. Kirby, Albert J. Beshel and Lennard H. Mackenroth
NAYS: None.
ABSENT: None.
PRESENT BUT NOT VOTING: Commissioner Chalin 0. Perez (recused)
And the Resolution was declared adopted on this the 13th day of February, 1980.
I hereby certify the above and foregoing to be a true and correct copy of a Resolution adopted by the Plaquemines Parish Commission Council at its special meeting held at its office in the Courthouse, Pointe ala Hache, Louisiana, on February 13, 1980.
/s/ E. Lafrance Secretary

. In order to facilitate the reading and understanding of this opinion, Ordinance No. 248 is attached as appendix “A”, and the resolution adopted on February 13, 1980, attached as appendix “B”.

. The author of this opinion sees an inherent contradiction between the ideal of separation of powers expressed in Art. II, § 2, of the Constitution and the mechanism established by R.S. 15:571.11 and R.S. 16.6 for the administration of the Criminal Court Fund. We say on one hand that the Council may not infringe upon the prosecutional prerogatives of the District Attorney, but, on the other hand, the Council may investigate to see that the money the District Attorney takes from the Fund is spent only for the purposes spelled out in R.S. 16.6. Any inquiry into the use of these funds necessarily places the Council in the position of infringing on the District Attorney’s prosecuto-rial functions, and yet the Council would not discharge its duty with respect to the Fund if it simply gave the District Attorney a blank check. Perhaps this case points up the need for the abolition of the Criminal Court Fund in its entirety. The District Attorney of a Parish might function more independently — and properly — if his office were funded wholly by the state and fines and forfeitures generated by his efforts were deposited in the state and parish treasuries with no strings attached to the Dis *1313 trict Attorney. Nonetheless, under the law as presently written it appears that the Commission Council and the District Attorney of Plaquemines Parish may continue to push and shove each other with little if any restraint from the court. Ultimately the responsibility rests with these parties to resolve their differences and restore mutual cooperation and respect.