Dear Mr. Burmaster
This office is in receipt of your request for an opinion of the Attorney General in regard to the investigatory powers of the Plaquemines Parish Council as governing authority of the Parish. The Parish is governed under a home-rule charter which provides as follows:
 Art. 4, Section 4.01(B). The parish council may conduct investigations, and may issue subpoenas for the production of books and papers and summonses to compel the attendance of witnesses and their examination under oath to secure data and information helpful in the adoption of ordinances to carry out the objects and purposes of this Charter; and to secure evidence regarding the violation of any provisions of this Charter or ordinances.
In the light of this provision and upon your conclusion that there is no restriction in the remainder of the Charter to diminish the council's power to conduct investigations, you ask the following questions:
 1. What are the parameters of the Council power to investigate with respect to organic constitutional law;
 2. Is the provision self-operative, i.e., does it confer sufficient power on the Council to compel the attendance of witnesses or in failure to do so, fine them for contempt; or, does the Council need to seek court action by mandamus to compel compliance with subpoena for failure to comply subject to contempt of court order;
 3. Is the Council empowered to establish penalties for failure to comply with a subpoena by the parish executive or any person on its own motion, as an exercise of the Article 4 power; or, does the Council need establish by separate ordinance penalties for failure to comply under "due process/notification" constitutional analysis;
 4. In the event of refusal by the parish executive to comply with a subpoena, what is the legally possible range of penalties the Council on its own motion or by ordinance can exact or enact;
 5. Is the "requisite" cause of investigation a specific violation of a specific ordinance or section of the Charter, or does the Council have the general right of investigation in order to perform its legislative duties in an informed manner, without reference to specific ordinance, Charter section, or enactment of same; and
 6. Is the Council empowered to cause the expenditure of monies necessary to an investigation on its own motion without the need to secure executive authorization on payment of bills and invoices; and is this enforceable by mandamus.
To answer your first question on what are the parameters of the council's power to investigate with respect to organic constitutional law we are guided by the decision in Perez v. Plaquemines Parish Com'n Council, 391 So.2d 1308 (La.App. 1981). The court held that the right of the council to conduct an investigation for purposes of generating a recall of the District Attorney would be inconsistent with the constitution. It was stated the relations between the council and the District Attorney are controlled by the constitutional provisions of separation of powers and the constitution has placed the responsibility for the implementation of impeachment and removal with others. However, the court did observe if the District Attorney in his capacity as a private individual serving as a bank official was causing administrative problems for the parish in the use of its funds, the council has the right to investigate this problem and inquire into his involvement in it.
Additionally, we note that the court has recognized that while a police jury only possessed those powers conferred by the state constitution and statutes, that was not applicable to local governmental subdivision that has not adopted a home rule charter who may exercise all power not denied by statute or the constitution. American Waste v. St. Martin Parish Police Jury,609 So.2d 201 (La. 1992).
Therefore, the courts have recognized the council's power to investigate under the charter but that power is restricted by constitutional provisions such as the separation of powers, and the applicability of other constitutional provisions would have to be considered in the light of the subject of the investigation.
In regard to your next two questions on the self-operation of the charter provisions, we must conclude with the power to issue a subpoena or summons there is an inherent right for the council to punish for failure to comply without the need of recourse to the court. However, due process would require the council establish by separate ordinance penalties for failure to comply along with notification and hearing. Penalties cannot be on an undetermined basis; parties have to know penalties for any violation in advance for the penalty to be valid. Due process requires not only certainty in the definition of criminal conduct, but that the penalty portion of a statute be definite. State v. Piazza, 596 So.2d 817 (La. 1992).
The jurisprudence has recognized that an ordinance cannot be in conflict or provide a greater penalty than the state statute for the same matter; and R.S. 33:1243 provides the maximum penalty for violation of a parish ordinance is a $500 fine and 30 days in jail. R.S. 24:4 stated whoever is guilty of contempt of the legislature shall be punished by a fine of not more than $1000 or by imprisonment for not more than 6 months, or both. This must be considered in setting the legally possible range of penalties in an ordinance for failure to comply with a subpoena or summons.
By the charter the parish council may conduct investigations "to secure data and information helpful in the adoption of ordinances to carry out the objects and purposes of this Charter, and to secure evidence regarding the violation of any provisions of this Charter or ordinances." Therefore, the cause for an investigation must be related to these specifications — for enactment of proposed ordinances or violation of existing ordinances. While this is very broad, the cause of an investigation must fall within this area. It cannot be without reference to possible violation of an ordinance or the charter, or a proposed enactment of an ordinance or amendment to the Charter.
This office has recognized in a Lawrason Act community the board of aldermen have control over the municipal fisc. It is likely there is a similar provision in your Parish but we do not have the Charter of the Plaquemines Parish Council. However, we would refer you to Atty. Gen. Op. No. 93-838 which involved the Charter for the City of Covington. Therein was a list of acts which required that ordinances having the force of law be signed by the presiding officer and presented to the mayor, but it further provided that otherwise the mayor's veto power did not apply, and those acts could be passed by the favorable vote of a majority of the authorized membership of the council by ordinance or resolution. This office stated his "veto power does not apply to ordinances `which propose amendments to the charter; establish, alter or modify council procedure; or appropriate funds for auditing or investigating any part of the executive branch'." No duty was found in the charter which required the mayor to take a resolution under advisement, and it did not need the approval of the mayor for its effectiveness.
We would suggest this reasoning be applied in the light of your Charter.
We hope this opinion is a sufficient explanation to apply to your questions under the Charter for Plaquemine Parish.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR